UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ONEEB REHMAN, individually,
and on behalf of others similarly
situated,

        Plaintiff,

v.

DANIA ENTERTAINMENT CENTER,
LLC, a Delaware limited liability company,
d/b/a "The Casino at Dania Beach",

        Defendant.
_____/

Case No. 0:18-cv-62481-DPG

**DEFENDANT'S MOTION TO DISMISS COMPLAINT**

    Defendant, Dania Entertainment Center, LLC d/b/a "The Casino at Dania Beach" (the "Casino"), by and through its undersigned counsel and pursuant to Fed R. Civ. P. 12(b), moves to dismiss the Class Action Complaint for Violations of the Fair and Accurate Credit Transactions Act (FACTA) ("Complaint") filed by Plaintiff Oneeb Rehman ("Plaintiff"), for lack of standing and failure to state a cause of action. In support, the Casino states as follows:

**INTRODUCTION**

    The Complaint must be dismissed because Plaintiff fails to (and cannot) demonstrate a concrete injury, which is necessary for Plaintiff to have standing to pursue his claims. Plaintiff complains that after making a debit card purchase at the Casino, he received a receipt that printed eight (8) digits of his card number. According to Plaintiff, this violated the truncation requirements of the federal Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681 *et seq.* ("FACTA"), specifically 15 U.S.C. § 1681c(g) ("Truncation of credit card and debit card numbers"), which, among other things, prohibits printing receipts that show anything other than the last five digits of

the card number. Although not evident from the face of the complaint (as Plaintiff failed to attach the allegedly offending receipt to his complaint), the receipt Plaintiff received from the Casino fully complied with FACTA because it <u>properly truncated</u> Plaintiff's credit card number (as the receipt truncated all but the last *four* digits of his credit card number all other digits were redacted). In reality, Plaintiff essentially complains that the receipt violates FACTA because in a *separate* location on the receipt, the issuing bank's identification number ("BIN") is listed. The BIN is a numerical digit code that identifies the issuer of the card (in this case VISA), is often printed separately in a different location on the card, apart from the credit card number, and is not generally part of the credit card account number that pertains to the individual consumer. Accordingly, printing the BIN on a receipt is no different than printing "Visa" on the receipt, which is perfectly lawful. Indeed, as Plaintiff's counsel is well aware,[1] this fact distinguishes this case from the facts in the 11th Circuit's recent opinion in *Muransky v. Godiva Chocolatier, Inc.*, 905 F.3d 1200, 1214 (11th Cir. 2018) (noting that "standing in FACTA cases is a 'case- and fact-specific' question"; rejecting objection to class action settlement finding sufficient facial Article III standing where credit card numbers not properly truncated on receipt).

Here, Plaintiff cannot allege that he has suffered any concrete injury-in-fact from the receipt (which properly truncated the credit card number to display only four digits), nor does he seek actual damages. Instead, he wants to collect statutory damages for a purported technical FACTA violation, which is actually not a violation at all. The U.S. Supreme Court recently held that even in the context of a statutory violation, "Article III standing requires a concrete injury[,]" and that a plaintiff alleging a statutory violation "cannot satisfy the demands of Article III" by

---

[1] Plaintiff's counsel, Scott Owens, was also class counsel in the *Muransky* case. Accordingly, Plaintiff's counsel is aware of the factual differences between the receipt in *Muransky*, which did not properly truncate the credit card number on the credit card number line of the receipt, and the receipt here, where the credit card number is properly truncated on the receipt.

alleging "a bare procedural violation, divorced from any concrete harm[.]" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Following this decision, federal courts have dismissed actions that raise claims under the FACTA because there is no material risk of the harm identified by Congress—i.e. identity theft. This is especially true where, as here, the card number on the receipt was properly truncated and Plaintiff claims a technical violation only by reference to a separate "BIN" number printed elsewhere on the receipt.

Not only does the absence of any injury deprive Plaintiff of standing to pursue the claim, but it also precludes Plaintiff from adequately stating a claim for relief. Plaintiff seeks only statutory damages (not actual damages) under FACTA. However, without proving willfulness of a violation, statutory damages are not available (*See* 15 U.S.C. §1681n(a)). As discussed above, as the credit card number was truncated to display only four digits and printing of the BIN is permitted under FACTA, there can be no willful violation. Further, as set forth below, Plaintiff fails to plead sufficient facts to state a claim for a willful violation of FACTA. Thus, the claim should be dismissed.

## **FACTUAL BACKGROUND**[2]

Plaintiff alleges that on or about December 5, 2017, he used his credit card at the Casino and received a receipt that contained the first four digits and last four digits of his card number. (Compl. ¶¶ 46-47.) According to the Complaint, the first four digits of the credit card are part of the six-digit Bank Identification Number, or "BIN number."[3] (Compl. ¶¶ 48, 68.) The BIN number indicates the card issuer, which is also permissibly identified by name (in this case VISA) on the receipt. (Compl. ¶¶ 48, 68.)

---

[2] The facts alleged in the Complaint are taken as true for the purposes of this Motion only.
[3] As Plaintiff has failed to attach or provide a copy of the receipt at issue, the Casino has attached a sample receipt as Exhibit A. The sample receipt shows that the BIN number appears on a separate line from the properly-truncated debit card number.

In support of his damages, Plaintiff only vaguely pleads he faced "anxiety" over the *potential* risk of future identity theft. (Compl. ¶ 51.) Yet there is no allegation that the receipt was lost or stolen. Nor does Plaintiff allege he was actually the victim of identity theft or that his debit card information has been used by an unauthorized person since the issuance of the receipt. (*See generally* Compl.) On the contrary, Plaintiff contends that after the Casino provided him with the receipt, he took action to "safeguard the receipt" rather than discarding it. (Compl. ¶ 51.) Although FACTA permits consumers to recover actual damages incurred from a negligent violation, Plaintiff expressly disavows any such damages, seeking only statutory damages and injunctive relief. (Compl. ¶¶ 70, 85.) Thus, Plaintiff's claim (and his standing to sue) rests solely on an alleged technical violation of the statute being willful.

## STANDARD OF REVIEW

A complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" *Id.*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)) (alteration in original); *see also Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1340 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 322 (2017) ("Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must "state a claim to relief that is plausible on its face.").

Importantly here, where a document (i.e., the receipt) is crucial to the Plaintiff's claims and the Casino's defenses, this Court, in its discretion, may consider this document (albeit not attached

to the Complaint), without converting a motion to dismiss to a motion for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, "undisputed" means that the authenticity of the document is not challenged. Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement."). This is especially appropriate here where Plaintiff's complaint is intentionally vague in an attempt to avoid challenge at the motion to dismiss stage. Accordingly, this Court can and should consider the attached Exhibit A (sample receipt) as it is crucial to Plaintiff's claim, and its format and content is undisputed.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO DEMONSTRATE A CONCRETE HARM NECESSARY TO ESTABLISH STANDING.

Plaintiff's Complaint wholly fails to show a violation of FACTA at all given that the receipt properly truncates the credit card number, only leaving the last four digits readable on the receipt's credit card number line (which is one less digit than is permitted to be shown under FACTA). Plaintiff would have this Court opine that because Defendant *separately* printed the card issuer's bank identification number (BIN) on a completely different line, Defendant willfully failed to comply with the truncation requirements under FACTA. Assuming Defendant's printing of the BIN on a separate line (after truncating all but the last four digits of the card number itself) were deemed to be a violation of FACTA, then at best it would give rise to a "procedural" or "technical" violation of FACTA due to the difference in interpretation of FACTA's requirements. However,

this simply is not the law. The "additional" numbers about which Plaintiff complains merely indicate the issuing bank, are often printed on a card in a separate location from the embossed card number itself, and such separate printed digits are not part of the account number, and further, is not the type of information that courts have found constitute a FACTA violation. Indeed, as Plaintiff concedes, the identity of the card issuer (VISA) already appears on the receipt. (Compl. ¶ 48.) Regardless of whether the receipt lists the BIN or VISA, such information is permitted under FACTA. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017) ("FACTA does not expressly prohibit printing the identity of the card issuer on a receipt.");*see also cases cited, infra.*

The U.S. Supreme Court recently made clear that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc.*, 136 S. Ct. at 1549; *id.* ("standing requires a concrete injury even in the context of a statutory violation.") (emphasis added). Following *Spokeo*, federal courts have dismissed claims where there is a lack of injury-in-fact, for a failure of standing. *See Bassett v. ABM Parking Servs.*, 883 F.3d 776, 777 (9th Cir. 2018); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 81-82 (2d Cir. 2017); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016); *see also Noble v. Nev. Checker Cab Corp.*, No. 16-16573, 2018 WL 1223484, at *1 (9th Cir. Mar. 9, 2018) (per curiam). These courts hold that a plaintiff does not have standing to pursue a FACTA claim if he has not suffered any actual harm or a material risk of harm.

As the 11th Circuit recently noted in *Muransky*, the standing analysis is a "case- and fact-specific question." *Muransky*, 905 F.3d at 1214. In that case, the court repeatedly referenced the "<u>untruncated</u>" nature of the credit card number of the receipt, and the defendant's breach of its

6

truncation duty. *See id.* at 1211-14.  Specifically, the court noted that the credit card number was not properly truncated because the receipt displayed both the first six and last four of the credit card number.  *See id.*  In determining that the plaintiff there had facially satisfied Article III standing, the 11th Circuit distinguished and compared other technical violations involving improper disclosure of the credit card expiration date, but proper truncation of the credit card number.  In such cases, the court noted that there was no concrete harm because the expiration date, <u>with proper truncation</u> of credit card number, and without more, does not give rise to an increased liability for identity theft.[4]  The 11th Circuit explained that, as evidenced by the Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122 Stat. 1565 (2008), proper truncation of a credit card number is by far the most important aspect of FACTA because "[e]xperts in the field agree that proper truncation of the card number, ... <u>regardless of the inclusion of the expiration date</u>, prevents a potential fraudster from perpetrating identity theft or credit card fraud." *Id*. at 1212 (emphasis in original). Indeed, because of this, the Clarification Act granted amnesty to amnesty from liability to merchants who printed an expiration date on a customer's receipt but otherwise complied with FACTA. *Id.* (citing Clarification Act §3(a)). The circumstances of this case are much more similar to the expiration date cases and rationale underpinning the Clarification Act, where the credit card number was properly truncated, and dissimilar to the issue in *Muransky*, involving an untruncated credit card number on the receipt.

Indeed, the four numbers at issue here (the BIN) <u>are on a wholly separate line than the credit card number</u> and only reference the issuing bank.  And, 15 U.S.C. § 1681c(g), which specifies the information that must be truncated, does not reference the issuing bank or descriptors concerning same.  Accordingly, courts have held that the BIN is no different than if the credit card

---

[4] *See also Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), <u>cert. denied,</u> 137 S. Ct. 2267 (2017)

receipt had listed VISA or MasterCard.  <u>Listing the issuing bank is not prohibited by FACTA</u> and, for this reason, a receipt which contains a truncated account number, unlike an untruncated account number as in *Muransky*, *lacks the willfulness necessary to* give rise to a concrete injury under FACTA,  *See e.g., Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017) (inclusion of the first six digits is equivalent to printing the identity of the card issuer (e.g. Visa) on the receipt—an action that is not prohibited by FACTA);  *In re Toys "R" Us—Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. CV 06-08163, 2010 WL 5071073, at *12 (C.D. Cal. Aug. 17, 2010) (recognizing that Congress did not prohibit printing issuer information on credit card receipt));  *Noble v. Nevada Checker Cab Corp.*, No. 16-16573, 2018 WL 1223484, at *1 (9th Cir. Mar. 9, 2018) (explaining that "the first digit of a credit card number merely identifies the brand of the card, and Congress has not prohibited printing the identity of the credit card issuer along with the last five digits of the credit card number.");  *Kamal v. J. Crew Grp., Inc.*, No. 15-0190, 2017 WL 2587617, at *1 (D.N.J. June 14, 2017) ("The Court takes notice that credit and debit card numbers are 16 digits long. The first six relate to the bank or card-issuer and the last 10 refer to the card-holder's specific account….Given these facts, the Court cannot reasonably infer that printing the first six and last four digits of Plaintiff's credit card materially increased the risk of future harm, because doing so 'gives an identity thief no more personal information about a person's account than Congress has permitted to be printed on receipts.'") (quoting *Noble v. Nevada Checker CAB Corp.*, No. 15–02322, 2016 WL 4432685, at *3 (D. Nev. Aug. 19, 2016)).

Although the Eleventh Circuit has recently addressed concrete injury as to an <u>untruncated</u> credit card number, it has not addressed the separate notation of the BIN.  But, recent decisions from the Southern District of Florida, in cases brought by the *same plaintiff's counsel* as here, weigh in favor of finding no concrete harm arising from listing the BIN on the receipt, especially

8

where, as here, the BIN is on a wholly separate line from the properly truncated credit card account number. *See Tarr v. Burger King Corp.*, No. 17-23776, 2018 WL 318477 (S.D. Fla. Jan. 5, 2018); *Kirchein v. Pet Supermarket, Inc.*, No. 16–60090, --- F. Supp. 3d ---, 2018 WL 1558269 (S.D. Fla. Feb. 8, 2018); *Gesten v. Burger King Corp.*, No. 17-22541, 2017 WL 4326101 (S.D. Fla. Sept. 27, 2017). These three cases all involved the same alleged violation under FACTA—the printing of the BIN on the customer receipt. *Tarr*, 2018 WL 318477, at *1; *Kirchein*, 2018 WL 1558269, at *1; *Gesten*, 2017 WL 4326101, at *1. In each case, the court held that the alleged violation of FACTA does not constitute a concrete injury in fact because the first six digits merely identify the banking institution that issued the card, <u>and are not part of the consumer's unique account number</u>. *Tarr*, 2018 WL 318477, at *3 ("The Second Circuit and several district courts have held that the exact violation Tarr alleges—printing the first six digits of a credit card account number on a receipt—does not constitute a concrete injury in fact because the first six digits merely identify the institution that issued the card, and are not part of the consumer's unique account number."); *Kirchein*, 2018 WL 1558269, at *2 (same); *Gesten*, 2017 WL 4326101, at *2 (same).

In this case, Plaintiff's claim rests solely on the inclusion of the BIN. As indicated above, notation of the BIN is not a violation of FACTA (especially when it is on a separate line from the redacted card number) and, even if it were, it is a procedural violation, which does not establish the willfulness required for standing. "This case presents a perfect example of a procedural violation that may result in no harm, in contrast to the examples of statutory violations that constitute concrete injuries in and of themselves." *Gesten*, 2017 WL 4326101, at *5. "Identity theft does not become certainly impending through a procedural violation of FACTA; additional facts must be alleged." *Stelmachers*, 2017 WL 3968871, at *4; *see also Meyers*, 843 F.3d at 727 ("Congress sought to limit FACTA lawsuits to consumers 'suffering from any actual harm.'").

9

Thus, because identification of the BIN (especially on a separate line) cannot be a FACTA violation, Plaintiff has failed to establish a cause of action and cannot establish any harm by the disclosure (defeating standing). *See Tarr*, 2018 WL 318477, at *3.[5]

Other courts within and outside the Eleventh Circuit have similarly held that the FACTA violation that Plaintiff alleges here (listing of the BIN) is insufficient to confer standing. *See e.g., Kleg*, 2018 WL 1807012, at *4; *Taylor v. Fred's, Inc.*, 285 F. Supp. 3d 1247, 1258–59 (N.D. Ala. 2018); *Coleman v. Exxon Mobil Corp.*, No. 17-CV-119, 2018 WL 1785477, at *1 (E.D. Mo. Apr. 13, 2018); *Katz v. Metro. Transp. Auth.*, No. 17-CV-472, 2017 WL 6734185, at *6 (E.D.N.Y. Dec. 29, 2017); *Edelstein v. Westlake Wellbeing Properties, LLC*, No. 17-06488, 2017 WL 5495153, at *3 (C.D. Cal. Nov. 15, 2017); *Stelmachers v. Verifone Sys., Inc.*, No. 14-04912, 2017 WL 3968871, at *1 (N.D. Cal. Sept. 7, 2017); *Lindner v. Roti Restaurants, LLC*, No. 17-935, 2017 WL 3130755, at *3 (N.D. Ill. July 24, 2017); *Kamal*, 2017 WL 2587617, at *1 (D.N.J. June 14, 2017); *Hendrick v. Aramark Corp.*, 263 F. Supp. 3d 514, 520 (E.D. Pa. 2017); *Everett v. Memphis Light Gas & Water Div.*, No. 16-2810, 2017 WL 1830165, at *3 (W.D. Tenn. Apr. 18, 2017); *Paci v. Costco Wholesale Corp.*, No. 16-0094, 2017 WL 1196918, at *3 (N.D. Ill. Mar. 30, 2017); *Thompson v. Rally House of Kansas City*, 15-00886, 2016 WL 8136658, at *5 (W.D. Mo. Oct. 6,

---

[5] Although a few early decisions in the Southern District of Florida found standing under FACTA, those decisions have been heavily criticized and discarded by other district courts because they relied upon Eighth Circuit case law that was, as acknowledged by the Eighth Circuit, overruled by *Spokeo*. *See Tarr*, 2018 WL 318477, at *4. As explained in *Tarr*, the decisions in *Bouton v. Ocean Properties Limited*, No. 16-CV-80502, 2017 WL 4792488, at *32 (S.D. Fla. Oct. 23, 2017) and *Wood v. J Choo USA*, 201 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) relied upon the decision in *Guarisma v. Microsoft Corp.*, 209 F. Supp. 3d 1261, 1266 (S.D. Fla. 2016), which in turn relied upon *Hammer v. Sam's E., Inc.*, 754 F.3d 492 (8th Cir. 2014). *Hammer*, which held that violations of FACTA automatically give rise to standing, was abrogated by *Spokeo*. *See Braitberg v. Charter Communications, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) ("In *Spokeo*, however, the Supreme Court rejected this absolute view and superseded our precedent in *Hammer* and *Charvat*."). Thus, courts have disagreed with district courts that rely on *Guarisma*. *See, e.g., Cruper-Weinmann v. Paris Baguette America, Inc.*, 235 F. Supp. 3d 570, 576 (S.D.N.Y. 2017) (Rakoff, J.), *aff'd*, 861 F.3d 76 (2d Cir. 2017) (discussing why "there is reason to question" the courts' reasoning in *Guarisma*, *Bouton*, *Altman*, and *Wood*); *see also Kleg v. SP Plus Corporation*, 1:17-cv-03997-MLB-WEJ, 2018 WL 1807012, at *4 (N.D. Ga. Mar. 5, 2018) (explaining how "the tide turned dramatically in August 2016" and "[s]ince that date, with only one exception, numerous district courts around the country have been unanimous in finding that plaintiffs in cases like this one lack standing to pursue a FACTA claim.").

2016); *Noble v. Nevada Checker CAB Corp.*, No. 15-02322, 2016 WL 4432685, at *3 (D. Nev. Aug. 19, 2016).

Plaintiff has also failed to allege any additional facts to identify any concrete harm he incurred or a material risk of harm. Instead, Plaintiff's allegations focus on the Congressional history of enacting FACTA (all of which was thoroughly considered by the federal courts in their decisions cited above) and generic references to casinos being "breeding grounds" for criminals. (*See* Compl. ¶¶ 7-30.) None of these allegations support a claim of actual harm or an increased risk of harm to Plaintiff. If anything, the allegations demonstrate that *casinos* (and the IRS) are the *target* of criminal activity, not the patrons. Plaintiff has not made any attempt at tying the disclosure of the card issuer information to the alleged criminal activity. Because Plaintiff has failed to allege "that any disclosure of his private information actually occurred… the 'heightened risk of identity theft' alleged in the Complaint is a risk that has not, and could not, materialize in this instance." *Gesten*, 2017 WL 4326101, at *5. Accordingly, the Complaint should be dismissed.

## II.  PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A WILLFUL VIOLATION OF FACTA

In addition to failing to allege sufficient facts to establish standing, Plaintiff's Complaint must be dismissed because he has failed to state a claim for a willful violation of FACTA. Such willfulness cannot be shown here because, at best, Plaintiff is asking this Court to opine that, although a credit card number is properly truncated, FACTA should be *interpreted* and *extended* to create a violation where a completely separate line of a receipt contains digits identifying the card issuer. As the card issuer's identity (either by name or number) is not required to be truncated

under 15 U.S.C. § 1681c(g), any *interpretation* that disclosure of the BIN elsewhere on the receipt would now constitute a violation, highlights the lack of any possible willfulness of the printing. [6]

Under FACTA, a defendant is liable for actual damages caused by identity theft when a violation is negligent. 15 U.S.C. § 1681o(a). If a violation is willful, a plaintiff may recover either actual damages or statutory damages between $100 and $1,000 per violation, plus punitive damages. 15 U.S.C. § 1681n(a). Here, Plaintiff does not allege that he suffered identity theft or any actual damages, instead seeking statutory damages. Therefore, he must allege facts from which a willful violation can be inferred.

The United States Supreme Court has interpreted the term "willful" as used in Section 1681n as knowing or reckless violations. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). A defendant does not act in reckless disregard "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco,* 551 U.S. at 69. Recklessness under FACTA is "something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Servs., Inc.,* 523 F.3d 719, 726 (7th Cir. 2008).

Therefore, to establish a claim for a willful violation of FACTA, a plaintiff must plead more than the defendant's awareness of the statute's requirements. *See Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1361 (S.D. Fla. 2009). The "mere fact that FACTA's requirements were well-publicized in the media and contained in [a defendant's] credit card agreements" is not enough to allege a willful violation. *Id.* (dismissing willful claim under

---

[6] Indeed, the sheer number of cases involving retailers whose receipts list the first six digits of the card number demonstrate the widely held belief that the inclusion of the card issuer identification numbers are not in violation of FACTA.

FACTA). Indeed, "[t]hese generic allegations are applicable to nearly all entities that are subject to FACTA's requirements and have been found inadequate…." *Crupar-Weinmann v. Paris Baguette Am., Inc.*, No. 13-7013, 2014 WL 2990110, at *4 (S.D.N.Y. June 30, 2014), *vacated on other grounds*, 653 F. App'x 81 (2d Cir. 2016); *see also Torongo v. Roy*, 176 F. Supp. 3d 1320, 1325 (S.D. Fla. 2016) (dismissing willful claim where the plaintiff's allegations showed, at most, that the defendant "knew of FACTA and its requirement for receipts printed by an electronic or point of sale terminal.").

Furthermore, while the pleading alleges that the Casino knew of the various requirements under FACTA, Plaintiff fails to allege any facts to establish that by printing the BIN under a separate BIN category on the receipt, the Casino knew such action would violate FACTA. *Crupar-Weinmann*, 2014 WL 2990110, at *4 ("the only allegations that plausibly suggest that defendant knew about FACTA's requirements, do not support a plausible inference that defendant knew that it was *violating* FACTA."). As set forth above, courts treat the first six digits of the account number distinct from the remaining ten digits because the first six do not have any personally identifying information with respect to the plaintiff's account. *See Kamal*, 2017 WL 2587617, at *1 ("The Court takes notice that credit and debit card numbers are 16 digits long. The first six relate to the bank or card-issuer and the last 10 refer to the card-holder's specific account."). Thus, it is an objectively reasonable interpretation that listing the first four digits under the BIN category would not violate FACTA.

Plaintiff has the burden of pleading sufficient facts to support the elements of his claim. Bare allegations, theories and legal conclusions are insufficient. Because Plaintiff has failed to plead sufficient facts to establish that Defendant knowingly or recklessly violated FACTA, the Complaint should be dismissed.

## **CONCLUSION**

WHEREFORE for the foregoing reasons and authorities, Defendant Dania Entertainment Center, LLC d/b/a "The Casino at Dania Beach" respectfully requests that this Court dismiss the Complaint with prejudice and grant such other and further relief as this Court deems just and proper.

                                                   McGUIREWOODS LLP

                                   By   */s/ Sara F. Holladay-Tobias*
                                         Sara F. Holladay-Tobias (FL Bar No. 0026225)
                                         Primary Email: stobias@mcguirewoods.com
                                         Secondary Email: clambert@mcguirewoods.com
                                         Brittney Lauren Difato (FL Bar No. 119476)
                                         Primary Email: bdifato@mcguirewoods.com
                                         Secondary Email: flservice@mcguirewoods.com
                                         50 N. Laura Street, Suite 3300
                                         Jacksonville, Florida 32202
                                         (904) 798-3200
                                         (904) 798-3207 (fax)

                                         *Attorneys for Defendant Dania Entertainment Center, LLC d/b/a "The Casino at Dania Beach"*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Email on November 20, 2018, to the following:

Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
scott@scottdowens.com

*Attorney for Plaintiff Oneeb Rehman*

              */s/ Sara F. Holladay-Tobias*
                Attorney