UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ONEEB REHMAN, individually,
and on behalf of others similarly
situated,
        Plaintiff,                      Case No. 0:18-cv-62481-DPG
v.

EVERI HOLDINGS, INC.; and
EVERI PAYMENTS, INC., formerly
known as GLOBAL CASH ACCESS
HOLDINGS, INC.,
        Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendants, Everi Holdings Inc. ("Everi Holdings") and Everi Payments Inc. ("Everi Payments," collectively the "Everi Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), moves this Court to dismiss the Amended Complaint filed by Plaintiff, Oneeb Rehman ("Plaintiff"), for lack of personal jurisdiction and failure to state a claim. In support, the Everi Defendants state as follows:

**INTRODUCTION**

Plaintiff's Amended Complaint sues the Everi Defendants, and drops the claims against prior defendant Dania Entertainment Center, LLC d/b/a/ the Casino at Dania Beach ("Dania Beach"). As a threshold matter requiring dismissal, the Amended Complaint is an impermissible shotgun pleading that lumps together allegations against the Everi Defendants indiscriminately, making it impossible for each defendant to formulate an informed, coherent response. Plaintiff has also failed to establish this Court's jurisdiction over Everi Holdings. Plaintiff's jurisdictional allegations improperly attribute Everi Payments' contacts with the State of Florida to Everi

Holdings; but the simple fact remains that this Court cannot exercise long-arm jurisdiction over Everi Holdings, an out-of-state entity that does not conduct any legally relevant business in Florida. Accordingly, for the reasons set forth below, the Amended Complaint should be dismissed with prejudice.

## BACKGROUND

1. On October 16, 2018, Plaintiff filed a one-count Complaint against the Dania Entertainment Center for a purported violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g) ("FACTA"). (D.E. 1.) FACTA regulates the truncation of credit card and debit card numbers on receipts, providing:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

2. Plaintiff claimed the receipt he was provided at the Casino at Dania Beach (the "Casino") failed to comply with the FACTA truncation requirements. (D.E. 1.)

3. On November 20, 2018, the Dania Beach moved to dismiss the Complaint for lack of standing, as Plaintiff did not suffer any harm or material risk of harm resulting from the fact the BIN number was printed on the receipt. (D.E. 9.)

4. On April 9, 2019, the Court denied the motion to dismiss, finding it raised a factual issue. (D.E. 27.)

5. On April 29, 2019, Plaintiff filed an Amended Complaint, dropping his claims against Dania Beach. (D.E. 32.) Instead, Plaintiff sues the Everi Defendants for the purported FACTA violation, alleging that the Everi Defendants (either directly or through their clients)

process and perform the cash access transactions for gaming establishments like the Casino. (D.E. 32 ¶¶ 8-9, 39-41.)

6. Plaintiff's decision to reference the Everi Defendants jointly and indiscriminately is fatal to his Amended Complaint. ***Everi Payments*** provides payment-processing services to the Casino. Cartledge Decl. ¶¶ 5, 9.[1] However, ***Everi Holdings*** does not. Taylor Decl. ¶ 13.[2]

7. Everi Holdings is the parent corporation of Everi Payments, and is organized and existing under the laws of Delaware. *See* Taylor Decl. ¶¶ 5, 21; Cartledge Decl. ¶ 6; (D.E. 32 ¶ 8). Everi Holdings' principal place of business is located in the State of Nevada. *See* Taylor Decl. ¶ 5; (D.E. 32 ¶ 8).

8. Everi Holdings is not registered to do business in the State of Florida, nor does it conduct business in the State of Florida. Taylor Decl. ¶¶ 6-11. Everi Holdings does not maintain an office, address, telephone listing, or registered agent in Florida. Taylor Decl. ¶ 7. It is not part of Everi Holdings' business to operate gaming facilities or otherwise transact business in Florida. *Id.* If such activities do occur in Florida, such activities are sporadic, isolated, and not a part of Everi Holdings' primary business activities. *See* Taylor Decl. ¶ 7.

9. Everi Holdings does not own or operate the Casino, is not involved in the day-to-day decisions or business operations of the Casino. *See* Taylor Decl. ¶ 11. Additionally, Everi Holdings does not provide any cash access services to the Casino. *See* Taylor Decl. ¶ 13. Everi Holdings is not under any contractual obligation to provide cash access services. *See* Taylor Decl. ¶¶ 12-13. Everi Holdings is not the "principal merchant" responsible for such services performed at the Casino. *See* Taylor Decl. ¶ 13.

---

[1] The Declaration of Jayne Cartledge is attached as Exhibit 1.
[2] The Declaration of Randy Taylor is attached as Exhibit 2.

10. Everi Holdings does not own, operate, maintain, or control any of the software, hardware, equipment, or supplies used at the Casino to process cash access transactions. *See* Taylor Decl. ¶¶ 14-15. Everi Holdings does not print receipts at or on behalf of the Casino or control the information printed on receipts for cash access transactions made at the Casino. *See* Taylor Decl. ¶¶ 18-19.

11. Nor did Everi Holdings develop any guidelines or procedures for the Casino to use in processing cash access transactions. Taylor Decl. ¶ 16. Everi Holdings does not train any of the Casino's employees, and the Casino's employees are not considered employees or agents of, or otherwise affiliated with, Everi Holdings. Taylor Decl. ¶ 17.

12. Everi Payments provides cash access services for the Casino. Cartledge Decl. ¶ 9. Everi Payments is a subsidiary of Everi Holdings. Taylor Decl. ¶ 20; Cartledge Decl. ¶ 6; Rocco Decl. ¶ 7.[3] Everi Holdings and Everi Payments are separate and distinct companies that maintain their own books and records and have separate bank accounts. Taylor Decl. ¶ 20; Cartledge Decl. ¶ 7. Everi Holdings does not control the day-to-day internal affairs, operations, decisions, or business activities of Everi Payments. Taylor Decl. ¶ 22; Cartledge Decl. ¶ 7; Rocco Decl. ¶ 8. Everi Payments makes its own decisions relating to the recruitment, hiring, compensation, and termination of its employees. Cartledge Decl. ¶ 7.

13. Everi Payments negotiates its own agreements with third parties, including the agreement to provide cash access services for the Casino. Cartledge Decl. ¶¶ 8-9, Ex. A.[4] Everi Payments also develops and maintains its own intellectual property and holds its own patents

---

[3] The Declaration of Carmella Rocco is attached as Exhibit 3.
[4] Due to the proprietary and commercially-sensitive nature of the services agreement between Everi Payments' predecessor, Global Cash Access, Inc., and the Casino, the Casino is filing a motion for leave to file the agreement under seal concurrently with the instant Motion.

relating to its cash access services. Rocco Decl. ¶ 9 & n.1. Everi Payments owns the proprietary system by which the cash access services are provided to the Casino. Rocco Decl. ¶ 9.

## ARGUMENT

I.  **The Amended Complaint is an Impermissible Shotgun Pleading.**

As a threshold matter, the Amended Complaint should be dismissed for Plaintiff's failure to comply with Rules 8 and 10, Federal Rules of Civil Procedure, as the Amended Complaint is a shotgun pleading. Under Rule 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Each allegation in the complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Under Rule 10(b), a complaint must be drafted "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In the interest of clarity, "each claim founded upon a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Taken together, these rules "require the pleader to present his claims discretely and succinctly . . . ." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996).

The Amended Complaint must be dismissed as an impermissible shotgun pleading violating Rule 8 where Plaintiff has lazily chosen to combine allegations against two separate defendants by naming them collectively, in singular form, as "Defendant" or "Everi," thereby making it impossible for either defendant to respond appropriately since it is unclear which allegation is directed at which. (D.E. 32 ¶ 1.) Furthermore, Plaintiff has also included paragraphs relating to his perceived criminal activity in casinos which is wholly immaterial to the narrow FACTA violation allegedly asserted by Plaintiff. (D.E. 32 ¶¶ 26-36.)

The Eleventh Circuit has identified four types of "shotgun" complaints: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts,

causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Here, Plaintiff's Amended Complaint is an impermissible shotgun pleading that asserts a claim against more than one defendant without specifying which of the defendants are responsible for which acts or omissions since he decided to refer to them collectively. (*See generally*, D.E. 32.) In failing to make key distinctions between the different defendants in this action, Plaintiff has failed to satisfy the most basic tenet of giving notice, which requires dismissal. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the Amended Complaint must be dismissed in its entirety.

## II. Plaintiff's Claims against Everi Holdings Also Should Be Dismissed for Lack of Personal Jurisdiction.

### A. Legal Standard under Fed. R. Civ. P. 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. In the case of a non-resident defendant like Everi Holdings, it is Plaintiff's burden to plead sufficient facts to establish: (1) a basis for jurisdiction exists under Florida's long-arm statute; and (2) the exercise of personal jurisdiction comports

with the Due Process Clause of the Fourteenth Amendment." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Florida's long-arm statute is strictly construed. *Enlandia Intern., Inc. v. Ah Koy*, 690 F. Supp. 2d 1317 (S.D. Fla. 2010).

"A plaintiff seeking to obtain jurisdiction over a non-resident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). The burden then shifts to the defendant to "challenge the plaintiff's allegations of personal jurisdiction by pleadings or declarations if the plaintiff pleads sufficient facts to make a prima facie case that personal jurisdiction exists." *Enlandia Intern., Inc.*, 690 F. Supp. 2d at 1327. "When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *see Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (explaining burden "shifts back to the plaintiff to produce evidence supporting jurisdiction"). As discussed below, Plaintiff cannot meet his burden.

   **B.**  **Plaintiff Fails to Establish Specific or General Personal Jurisdiction.**

Plaintiff fails to establish personal jurisdiction exists over Everi Holdings, a non-resident corporation that conducts no legally relevant business in Florida. Under Florida's long-arm statute, the Court may only exercise jurisdiction over a non-resident if: (1) the claim arises from certain enumerated acts committed by the defendant within Florida (giving the Court <u>*specific jurisdiction*</u> under § 48.193(1), Fla. Stat.); or (2) the defendant is engaged in "substantial and not isolated activity" within Florida (giving the Court <u>*general jurisdiction*</u> under § 48.193(2), Fla. Stat.). (D.E. 78.) Even if Florida's long-arm statute provides a basis for personal jurisdiction, Plaintiff must also establish that "sufficient minimum contacts exist between the defendant[] and

7

the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Sculptchair*, 94 F.3d at 626. Plaintiff did not, and cannot, meet these requirements with respect to Everi Holdings.

        1.    ***Everi Holdings is not subject to <u>specific jurisdiction</u> in the State of Florida.***

First, Everi Holdings is not subject to specific jurisdiction in the State of Florida, as: (a) Plaintiff's cause of action does not arise out of any enumerated acts in § 48.193(1)(a) of Florida's long-arm statute; and (b) Everi Holdings lacks sufficient minimum contacts with the State of Florida to support the exercise of specific jurisdiction.

        a.    <u>Everi Holdings does not do any business in Florida that would subject it to specific jurisdiction under § 48.193(1)(a) of Florida's long arm statute.</u>

Plaintiff incorrectly asserts that Everi Holdings "is registered and licensed to do business in Florida and within this district … and conducted at all relevant times alleged herein, substantial business in Florida and within this district." (*See* D.E. 32 ¶ 6). In doing so, Plaintiff invokes section 48.193(1)(a)(1), Florida Statutes, which "provides jurisdiction over a defendant for a cause of action arising from '[o]perating, conducting, engaging in, or carrying on a business or business venture in [Florida] or having an office or agency in [Florida].'" *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 735 (11th Cir. 2018).

Under section 48.193(1)(a)(1), Florida Statutes, "the activities of the defendant[s] must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Id.* (quoting *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005)). "Factors to consider in making this determination include: (1) the presence and operation of an office in Florida; (2) the possession and maintenance of a license to do business in Florida; (3) the number of Florida clients served; and (4) the percentage

8

of overall revenue gleaned from Florida clients." *Id.* (quoting *Stonepeak Partners, LP v. Tall Tower Capital, LLC*, 231 So. 3d 548, 555 (Fla. 2d DCA 2017)).

These factors show that Everi Holdings is not subject to jurisdiction in Florida. Contrary to Plaintiff's allegation, Everi Holdings is not registered or licensed to do business in the State of Florida, nor does it conduct business in the State of Florida. Taylor Decl. ¶¶ 6-7. Everi Holdings does not have any offices in Florida, have any clients in Florida, or receive revenue from Florida clients. Taylor Decl. ¶ 6. It has no telephone listing, office, mailing address, or real property in Florida. Taylor Decl. ¶¶ 6, 9-10. Moreover, Everi Holdings is a stock holding company and does not provide any services to the Casino in Florida. Taylor Decl. ¶¶ 13-19, 21. Viewing these factors collectively, Everi Holdings' activities do not evidence a "general course of business activity" in Florida "for pecuniary benefit." *See Sutherland v. SATO Glob. Sols., Inc.*, No. 17-CV-61596-WPD, 2018 WL 3109627, at *5 (S.D. Fla. Apr. 10, 2018); *Unitedhealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, No. 16-81180-CIV, 2017 WL 1832436, at *4 (S.D. Fla. May 8, 2017).

Plaintiff also cannot impute **Everi Payments**' jurisdictional contacts with the State of Florida on Everi Holdings, as Everi Payments is only the subsidiary company to Everi Holdings. It is firmly established that the mere fact that a subsidiary exists and transacts business in Florida, standing alone, is insufficient to establish general jurisdiction over a non-resident parent or affiliated company. *See e.g Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1240 (S.D. Fla. 2015) ("Generally, therefore, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there.") (internal quotation marks and citation omitted); *Sehringer v. Big Lots, Inc.*, 532 F. Supp. 2d 1335, 1345 (M.D. Fla. 2007) ("[A] foreign parent corporation is not subject to the jurisdiction of a forum

9

state merely because a subsidiary is doing business there.") (citation omitted); *Smith v. Mama Fu's Hollywood, LLC*, No. 08-61181-CIV, 2009 WL 10667069, at *4 (S.D. Fla. July 8, 2009). Thus, Everi Holdings' parent-subsidiary relationship with Everi Payments, alone, is insufficient to confer jurisdiction of this Court over Everi Holdings.

Similarly, there is no agency relationship between Everi Payments and Everi Holdings that would confer jurisdiction. Personal jurisdiction based on an agency relationship exists where the parent exercises operational control over a subsidiary, meaning that the parent entity exercises "the day-to-day control of the internal affairs or basic operations of the subsidiary." *Hard Candy LLC*, 106 F. Supp. 3d at 1241 (citation omitted). "The amount of control exercised by the parent **must be high and very significant**." *Id.* (citation omitted) (emphasis added).

> Factors such as the sharing of directors and officers; travel by executives of the parent to the subsidiary; approval of major policy decisions of the subsidiary and general executive responsibility over the subsidiary; guaranteeing obligations of the subsidiary to banks; enjoying a unified or global strategy; establishing goals or directives for the subsidiary; or performing services for one another **have all been deemed insufficient indicia of control to meet the standard**.

*Lee-Bolton v. Koppers Inc.*, No. 1:10-CV-253/MCR/GRJ, 2013 WL 11522040, at *5 (N.D. Fla. Sept. 9, 2013) (citing *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755, 2012 WL 5830590, at *4 (M.D. Fla. 2012) and *Enic, PLC v. F.F. South & Co.*, 870 So. 2d 888, 891-92 (Fla. 5th DCA 2004)) (emphasis added). In other words, the parent corporation, to be liable for the actions of its subsidiary, "must exercise control to the extent the subsidiary manifests no separate corporate interests of its own and functions solely to achieve the purposes of the dominant corporation." *Enic, PLC*, 870 So. 2d at 891 (internal quotation marks and citations omitted).

Everi Holdings is a separate and distinct corporation from Everi Payments with its own books, records, and bank accounts; and Everi Holdings does not control the day-to-day affairs or operations of Everi Payments. Taylor Decl. ¶¶ 20, 22; Cartledge Decl. ¶ 7; Rocco Decl. ¶¶ 7-8. Everi Payments makes its own decisions relating to the recruitment, hiring, compensation, and termination of its employees. Cartledge Decl. ¶ 7. Everi Payments negotiates and drafts its own agreements with third parties, such as the Master Services Agreement and accompanying schedules.[5] Cartledge Decl. ¶¶ 8-9, Ex. A. Everi Payments also develops and manages its own intellectual property in connection with the cash access service it provides, and holds its own patents related to its cash access services. Rocco Decl. ¶ 9 & n.1.

The fact that Everi Holdings and Everi Payments share overlapping executive officers is insufficient to create an agency relationship, especially because their functions in their roles as officers of Everi Holdings are separate from their functions in their roles as officers of Everi Payments. *See Unitedhealthcare of Fla., Inc.*, 2017 WL 1832436, at *7 (collecting cases holding that overlap between board of directors and officers of parent and subsidiary companies does not support exercise of jurisdiction over parent); *see also* Taylor Decl. ¶ 21. Everi Holdings' limited oversight or involvement with Everi Payments, such as setting high-level policies including a privacy policy, also does not create an agency relationship sufficient to confer jurisdiction. *See iSocial Media Inc.*, 2013 WL 5588238, at *8; *Enic, PLC*, 870 So. 2d at 891; *see also* Taylor Decl. ¶ 23. Nor has Plaintiff made any assertion or alleged any facts that would suggest that Everi Payments is an "alter-ego" of Everi Holdings, such that it would be proper to pierce the corporate veil. *See generally* Am. Compl. Accordingly, this Court lacks specific personal

---

[5] Everi Payments entered into the Master Services Agreement under its former name, Global Cash Access Inc.  Ex. A to Cartledge Dec.  Global Cash Access, Inc. changed its name to Everi Payments effective August 24, 2015.

jurisdiction over Everi Holdings under Florida's long-arm statute and the Complaint should be dismissed.

          b.      <u>Everi Holdings lacks sufficient contacts with the State of Florida to satisfy the minimum contacts test for specific jurisdiction.</u>

Even if Plaintiff had established a basis for this Court to exercise its jurisdiction over Everi Holdings under Florida's long-arm statute, any isolated contacts Everi Holdings may have with Florida are insufficient minimum contacts to satisfy due process.

Under the second prong of the personal jurisdiction test, Plaintiff bears the burden to demonstrate that a defendant's contacts with the State of Florida satisfy a three-part test to establish the necessary minimum contacts for specific jurisdiction: (1) the defendant's contacts are related to plaintiff's cause of action, (2) the contacts indicate the defendant has purposefully availed itself of the privilege of conducting activities in Florida, and (3) the defendant's activities are such that it could reasonably anticipate being hauled into court in Florida. *See Skorupski v. Dale C. Rossman, Inc.*, Case No. 5:07-cv-448-Oc-10GRJ, 2008 WL 4724680, at *5 (M.D. Fla. Oct. 20, 2008); *see also Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313 (11th Cir. 2018).

In determining whether a defendant's contacts are related to a plaintiff's cause of action, the court looks to "the affiliation between the forum and the underlying controversy, focusing on any activity or occurrence that took place in the forum State." *Waite*, 901 F.3d at 1314 (internal quotation marks, citations, and alterations omitted). If there is no such affiliation, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* (citation omitted).

Any limited contacts that Everi Holdings may have with the State of Florida are not related to Plaintiff's purported cause of action. Rather, the purported activities at issue occurred at the Casino, and Everi Holdings does not own, operate, or provide services to the Casino.

12

Taylor Decl. ¶¶ 11-19. Moreover, Everi Holdings has not purposefully directed any activity at Florida, and its minimal (if any) activities relating to Florida are not such that it could reasonably anticipate being hauled into court in Florida. Therefore, the minimum contacts test is not satisfied, and the claim against Everi Holdings should be dismissed for lack of personal jurisdiction.

> 2. *Everi Holdings is not subject to <u>general jurisdiction</u> in the State of Florida.*
>
>> a. <u>Everi Holdings certainly does not do continuous or systematic business in Florida that would subject it to general jurisdiction under § 48.193(2) of Florida's long arm statute.</u>

To the extent Plaintiff alleges that Everi Holdings is subject to general jurisdiction in Florida, Everi Holdings' contacts with Florida are also insufficient to support any such allegation. It is well settled that, in order to establish general jurisdiction under Florida's long-arm statute, a non-resident must have "continuous and systematic" general business contact with the State of Florida. *See Snow*, 450 F.3d at 1318; *Bafitis v. Ara*, 815 So. 2d 702, 703 (Fla. 3d DCA 2002); *see also* § 48.193(2), Fla. Stat. The level of business contacts required to establish "continuous and systematic business contact" is greater than the level of contacts required to establish specific jurisdiction, which is based on a connection to the claims of the lawsuit. *See Verizon Trademark Servs., LLC*, 810 F. Supp. 2d at 1328; *Crowe*, 506 F. Supp. 2d at 1122.

Indeed, in order to satisfy the heightened general jurisdiction requirements, business contacts with Florida "must be especially pervasive and substantial." *See Crowe*, 506 F. Supp. 2d at 1123 (*citing General Cigar Holdings, Inc*, 205 F. Supp. 2d at 1343). Where there are insufficient "pervasive and substantial" business contacts, a court lacks general jurisdiction over a defendant. *See Snow*, 450 F.3d at 1319 (lack of general jurisdiction where, among other things, party never maintained an office, mailing address, or registered agent in Florida and had not

solicited clients in Florida); *Crowe*, 506 F. Supp. 2d at 1123 (lack of jurisdiction where party never had an office, employees, property, telephone number, or bank account in Florida, was not registered to do business in Florida, did not direct any advertising to Florida, and only a small percentage of its business came from Florida clients); *see also Hesterly v. Royal Caribbean Cruises, Ltd.*, No. 06-22862-CIV, 2008 WL 516495, at *10 (S.D. Fla. Feb. 25, 2008).

As Everi Holdings does not maintain sufficient contacts with Florida to be subject to even specific jurisdiction, its Florida contacts are not sufficient to subject it to general jurisdiction in the state.

          b.    <u>Plaintiff necessarily cannot meet the minimum contacts threshold for general jurisdiction.</u>

Moreover, because "[t]he reach of general jurisdiction under the Florida long-arm statute extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment," the analysis for general jurisdiction under Florida's long-arm statute and for minimum contacts is largely similar. *Hard Candy, LLC*, 106 F. Supp. 3d at 1250. To determine whether general jurisdiction exists, the court "need only determine whether the district court's exercise of jurisdiction . . . would exceed constitutional bounds." *Id. See also Waite*, 901 F.3d at 1316.

General jurisdiction can be asserted over non-resident corporations without offending due process only "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 1317; *see also Banco de los Trabajadores*, 237 So. 3d at 1134. A corporation is at home in its place of incorporation and in its principal place of business. *Waite*, 901 F.3d at 1317. "Outside of these two exemplars, a defendant's operations will be so substantial and of such a nature as to render the corporation at

14

home in that State only in an exceptional case." *Id.* (internal quotation marks and citation omitted). *See also Brown*, 202 F. Supp. 3d at 1344.

Here, there are insufficient "minimum contacts" to satisfy this second prong of personal jurisdiction. Everi Holdings is incorporated in Delaware, maintains its primary business office in Nevada, and does not maintain an office, address, telephone listing, or a registered agent in Florida. Taylor Decl. ¶¶ 5-6. This is far from the "exceptional case" where a non-resident corporation's contacts are so "continuous and systematic" that it is "at home" in Florida. Thus, asserting general jurisdiction over Everi Holdings would violate due process.

Therefore, as Everi Holdings does not fall under Florida's long-arm jurisdiction statute and fails to satisfy minimum contacts, the Complaint should be dismissed with prejudice for lack of jurisdiction over Everi Holdings.

## **CONCLUSION**

WHEREFORE for the foregoing reasons and authorities, Defendants Everi Holdings Inc. and Everi Payments Inc. respectfully request that this Court dismiss the Amended Complaint in its entirety without leave to amend and grant such other and further relief as this Court deems just and proper.

Dated: June 10, 2019				Respectfully Submitted,

					**McGUIREWOODS LLP**

					By	*/s/ Emily Y. Rottmann*
						Sara F. Holladay-Tobias
						Florida Bar No. 0026225
						stobias@mcguirewoods.com
						Emily Y. Rottmann
						Florida Bar No. 093154
						Brittney L. Difato
						Florida Bar No. 119476
						erottmann@mcguirewoods.com
						50 N. Laura Street, Suite 3300
						Jacksonville, Florida 32202
						(904) 798-3200
						(904) 798-3207 (fax)
						Secondary Service Email:
						flservice@mcguirewoods.com
						clambert@mcguirewoods.com

					*Attorneys and Trial Counsel for Defendants Everi Holdings, Inc. and Everi Payments Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing on June 10, 2019, to all counsel of record listed below:

Scott D. Owens, Esq.
Sean M. Holas, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, FL 33019
scott@scottdowens.com
sean@scottdowens.com


                                                 */s/ Emily Y. Rottmann*
                                                        Attorney