UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ONEEB REHMAN, individually,
and on behalf of others similarly
situated,

   Plaintiff,        Case No.  0:18-cv-62481-DPG

v.

EVERI HOLDINGS, INC.; and
EVERI PAYMENTS, INC., formerly
known as GLOBAL CASH ACCESS
HOLDINGS, INC.,

   Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION TO STAY, OR IN THE ALTERNATIVE FOR AN EXTENSION OF REMAINING CASE MANAGEMENT DEADLINES**

  Plaintiff, Oneeb Rehman ("Plaintiff"), through his undersigned counsel and pursuant to this Court's inherent authority and Fed. R. Civ. P. 16, hereby moves to stay this case pending the parties' scheduled January 16, 2020, mediation before mediator Randall Wulff. In support, the Parties state:

  1. This case is one of 14 other putative FACTA-related class actions filed against Everi Payments or its gaming establishment customers in Florida, Illinois, and Nevada by the same counsel representing Plaintiff. Given the relatedness of these various actions, the parties have scheduled a January 16, 2020, global mediation before mediator Randall Wulff.

  2. The current case management order sets the following upcoming deadlines for this case:

| Exchange of Expert Witness Summaries or Reports | November 19, 2019 |

| | |
|---|---|
| Exchange of Rebuttal Expert Witness Summaries or Reports | December 3, 2019 |
| Completion of Discovery | December 17, 2019 |
| Completion of Mediation | December 31, 2019 |
| All Pre-Trial Motions (Including Summary Judgment and *Daubert* Motions) | January 8, 2020 |
| Status Conference | January 22, 2020 10:00 am |
| Joint Pre-Trial Stipulation, Proposed Jury Instructions and Verdict Form, or Proposed Findings of Fact and Conclusions of Law, and Motions *in Limine* | March 30, 2020 |
| Calendar Call | April 7, 2020 1:45 pm |
| Electronic Versions of Documentary Exhibits and Certificates of Compliance re Admitted Evidence Shall Be Filed on CM/ECF | April 10, 2020 |
| Trial Calendar Begins | April 13, 2020 |

(the "Remaining Deadlines") (*See* D.E. 25, 30).

   3.  Given that these Remaining Deadlines are rapidly approaching, yet the global mediation, if successful, could resolve this or all of the pending litigation, the parties believe a stay would best conserve party and judicial resources, while affording ample time and opportunity for the parties to focus their efforts toward good faith preparation ahead of the upcoming global mediation.

   4.  In addition to the potential for resolution at the global mediation, the Plaintiff would point out that several other factors that could impact the claims in this lawsuit. Specifically, the lawsuit may be impacted by a final decision from the U.S. Court of Appeals for the Eleventh Circuit in *Muransky v. Godiva Chocolatier, Inc.*, Case Nos. 16-16486; 16-16783 (11th Cir.)

("*Muransky*"), in which the Eleventh Circuit is considering, on rehearing *en banc*, the issue of Article III standing to sue under FACTA. This factor could affect the scope of the claims and parties as this case proceeds.[1]

5. Therefore, as discussed herein, a stay of these proceedings is warranted in order to allow time for the schedule January 16, 2020 mediation of a potential global resolution of this and each of the related FACTA matters. Alternatively, the Court should grant a 120-day extension of the Remaining Deadlines in order to allow time for the global mediation to occur.

## MEMORANDUM OF LAW

**I.     STANDARD OF REVIEW**

This Court has inherent authority to grant a stay of these proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (holding court "has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigations."). In determining whether to grant a stay, the Court should consider three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether the moving party will suffer a hardship or inequity if the stay is not granted; and (3) whether a stay would further judicial economy. *Garmendiz v. Capio Partners, LLC*, 8:17-cv-987-T-EAK-AAS, 2017 WL 3208621, at *2 (M.D. Fla. July 26, 2017). Applying these factors, a stay should be granted.

---

[1] Of note, Plaintiff is not currently moving to stay this litigation pending the outcome of the rehearing proceedings in *Muransky*. The Eleventh Circuit proceedings are referenced here solely for context. Nor is Plaintiff requesting that the Court decide any pending motions, including Defendant's Motion to Dismiss, during the proposed stay; to the contrary, Plaintiff requests that the Court defer ruling on any pending motions during the proposed stay requested herein.

## II. THE COURT SHOULD GRANT PLAINTIFF'S REQUEST FOR A STAY.

A stay of this action pending the global mediation should be granted because: (i) the Parties agree that they will not be prejudiced if a stay is granted; and (iii) a stay would further judicial economy.

### A. Defendant Does Not Oppose This Request to Stay; None Will Suffer Prejudice.

The Parties agree a stay is warranted to afford ample time for a good faith effort at global resolution. As all parties agree a stay is in each of their interests, no party will suffer any prejudice or hardship as a result.

### B. A Stay Will Promote Judicial Economy.

A stay will also promote judicial economy, for it would allow the Parties to participate in a global mediation of this lawsuit and the other 14 FACTA lawsuits pending in Florida, Nevada, and Illinois courts. The mediation is scheduled for January 16, 2020, before respected mediator, Randall Wulff. If successful, the mediation could resolve this case, along with all of the related pending litigation nationwide, conserving judicial resources here and in each of the numerous jurisdictions currently hearing related cases, including state and federal courts across Illinois, Nevada, and Florida. Therefore, a stay is warranted in order to allow time for the Parties to prepare for and conduct the mediation in good faith and attempt to negotiate a global resolution of this and each of the related matters. *See Rodriguez v. Universal Prop. & Cas. Ins. Co.*, No. 16-60442-CIV, 2016 WL 9274717, at *1 (S.D. Fla. Oct. 27, 2016) (granting stay of putative class action pending mediation as it would conserve parties' and court's resources and allow parties to focus on negotiating settlement). Therefore, a stay is warranted in order to promote judicial economy.

### III.  IN THE ALTERNATIVE, THE COURT SHOULD EXTEND THE REMAINING DEADLINES BY 120 DAYS PURSUANT TO RULE 16(B)(4).

Alternatively, if the Court is not inclined to grant a stay, Plaintiff requests a 120-day extension of the Remaining Deadlines.  Under Federal Rule of Civil Procedure 16, this Court to modify the deadlines in its Scheduling Order for good cause.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  Good cause exists if "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's notes); *see also Williams v. City of Birmingham*, No. 2:16-CV-0650-JEO, 2017 WL 9487213, at *3 (N.D. Ala. Sept. 6, 2017) ("The 'good cause' inquiry focuses primarily upon the diligence … of the party seeking the modification.").  The Court should allow an amendment to a pretrial scheduling order where, as here, there will be no substantial injury or prejudice to the opposing party and no inconvenience to the Court.  *Jacobs v. Agency Rent-A-Car*, 145 F.3d 1430, 1432 (11th Cir. 1998).

Plaintiff respectfully submits that good cause exists for this Court to grant a 120-day extension of the Remaining Deadlines in order to allow time for the Parties to prepare for and participate in the global mediation.  *See Gastaldi v. Sunvest Resort Cmty., LC*, 709 F. Supp. 2d 1284, 1298 n.11 (S.D. Fla. 2010) ("It is perfectly reasonable to continue a trial if both parties are working together to achieve a settlement.").  The Parties have extensively conferred prior to the filing of this requested extension, and Plaintiff has promptly moved for the extension before the Remaining Deadlines have expired.  Once again, no Party will be prejudiced by the requested extension, and Defendant has no opposition to the relief requested.  In the event this Court is inclined to grant Plaintiff's alternative request for a 120-day extension of the Remaining Deadlines, proposed amended deadlines are attached hereto as **Exhibit A**.

WHEREFORE for the foregoing reasons, Plaintiff, Oneeb Rehman, respectfully requests that this Court:

(i) grant a stay of these proceedings until completion of the January 16, 2020 global mediation; or alternatively,

(ii) grant a 120-day extension of the Remaining Deadlines in accordance with the proposed amended deadlines set forth in Exhibit A to this Motion; and

(iii) grant such other and further relief as this Court may deem just and proper.

## CERTIFICATION OF CONFERRAL

I hereby certify that I have conferred with opposing counsel regarding the relief requested in this motion, and that opposing counsel has no opposition thereto.

Respectfully Submitted,

s/ Scott D. Owens
Scott D. Owens
Florida Bar No. 597651
**SCOTT D. OWENS, P.A.**
3800 S. Ocean Drive, Suite 235
Hollywood, Florida 33019
(954) 589-0588
(954) 337-0666 fax
scott@scottdowens.com

Frank S. Hedin
Florida Bar No. 109698
**HEDIN HALL LLP**
1395 Brickell Ave, Suite 900
Miami, Florida 33131
(305) 357-2107
(305) 200-8801 (fax)
fhedin@hedinhall.com
*Attorneys for Plaintiff Oneeb Rehman*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties below, if any, who are not authorized to receive electronically Notices of Electronic Filing.

                        By: s/ Scott D. Owens
                               Scott D. Owens, Esq.